## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

GINA CHRISTINE LOMBARDO,

     Plaintiff,

                                Case No.

-vs-

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, and
AMERICOLLECT, INC.,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, GINA CHRISTINE LOMBARDO (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), and AMERICOLLECT, INC. (hereinafter "AmeriCollect") (collectively hereinafter "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and the Florida Consumer Collection Practices Act ("FCCPA") Fl. Stat. § 559.72 *et seq*.

1

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Duval County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     AmeriCollect is a corporation with its principal place of business in the State of Wisconsin and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

20.     AmeriCollect is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     AmeriCollect furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

22.     On or about April 27, 2022, Plaintiff was injured at work which resulted in four (4) medical visits to Baptist Health for treatment on May 5, 2022, May 9, 2022, May 12, 2022, and May 16, 2022.

23.     During her visit, Plaintiff provided to Baptist Health documents and information to ensure the medical costs for the visits were billed to workers' compensation claim.

24.     Sometime later, Plaintiff learned that only two of the four visits were correctly billed to workers' compensation and two of the four visits were incorrectly billed to Plaintiff.

25.    On or about February 8, 2023, Plaintiff contacted Baptist Health to correct this error and have all four visits correctly billed to workers' compensation, and Michelle Figueroa, a customer representative with Baptist Health, advised she had the necessary information and would have the account corrected and the balance would be billed to her worker's compensation claim.

26.    On or about June 21, 2023, Plaintiff began to receive phone calls from AmeriCollect who was seeking to collect a debt on behalf of Baptist Health.

27.    Shortly thereafter, Plaintiff reviewed her credit reports and became aware of two collection accounts from AmeriCollect, account number ending in x72 and account number ending in x90, both on behalf of original creditor Emergency Resources Group, were being reported.

28.    Plaintiff went online to dispute the inaccurate reporting of the two accounts from AmeriCollect directly with Equifax, Experian, and Trans Union.

29.    Plaintiff did not receive dispute results from Equifax. However, upon review of an updated credit report, Plaintiff observed the two AmeriCollect accounts continued to be reported with comments of "Consumer disputes this account information",  which indicated the accounts were previously in dispute and verified as accurate.

30.    Equifax failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff.

31.     Upon information and belief, Equifax notified AmeriCollect of Plaintiff's dispute. However, AmeriCollect failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

32.     Plaintiff did not receive dispute results from Experian. However, upon review of an updated credit report, Plaintiff observed the two AmeriCollect accounts continued to be reported with comments of "Account information disputed by consumer", which indicated the accounts were previously in dispute and verified as accurate.

33.     Experian failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff.

34.     Upon information and belief, Experian notified AmeriCollect of Plaintiff's dispute. However, AmeriCollect failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

35.     Plaintiff did not receive dispute results from Trans Union. However, upon review of an updated credit report, Plaintiff observed the two AmeriCollect accounts continued to be reported with comments of " Account information disputed by consumer", which indicated the accounts were previously in dispute and verified as accurate.

36.    Trans Union failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff.

37.    Upon information and belief, Trans Union notified AmeriCollect of Plaintiff's dispute. However, AmeriCollect failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

38.    On or about October 12, 2023, Plaintiff obtained copies of her credit reports. Upon review, Plaintiff observed the AmeriCollect, account number ending x72, continued to be reported with a balance of $992. Further, Plaintiff observed the AmeriCollect, account number ending in x90, continued to be reported with a balance of $591. Such reporting negatively affected Plaintiff's credit.

39.    On or about October 19, 2023, Plaintiff reported the AmeriCollect, account ending in x72, and AmeriCollect, account ending in x90, to the Consumer Financial Protection Bureau ("CFPB") File ID 231019-12289646. In the report, Plaintiff detailed the fact that the accounts were to be covered and paid for by worker's compensation.

40.    Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Equifax, Experian, and Trans Union, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

41.    Equifax, Experian, and Trans Union failed to review the CFPB complaint that Plaintiff filed and continued to report the AmeriCollect, account ending in x72, and AmeriCollect, account ending in x90 to her credit file.

42.    On or about November 30, 2023, Plaintiff mailed detailed written dispute letters to Equifax, Experian, and Trans Union concerning the inaccurate and erroneous accounts being reported. Plaintiff explained both AmeriCollect accounts were for debts which were to be paid for by workers' compensation and which she did not owe. Plaintiff included an image of her driver's license and Social Security card to confirm her identity. Plaintiff also included images of the erroneous credit reporting, images of the workers' compensation form, images of the itemized bills from each visit, and images of the correspondence from Baptist Health stating they would correct the billing error.

43.    Plaintiff mailed her detailed dispute letters via USPS Certified Mail to Equifax (9589 0719 5270 1047 3630 87), Experian (9589 0719 5270 1047 3630 63), and Trans Union (9589 0719 5270 1047 3630 70).

44.    On or about December 8, 2023, Equifax responded to Plaintiff's detailed dispute letter by stating the AmeriCollect, account ending x72, and AmeriCollect, account ending in x90, were no longer appearing on her credit report.

45.   On or about December 13, 2023, Experian responded to Plaintiff's detailed dispute letter by stating the AmeriCollect, account ending x72, and AmeriCollect, account ending in x90, were both removed from her credit report.

46.   Plaintiff did not receive dispute results in the mail from Trans Union.

47.   Trans Union failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff.

48.   Upon information and belief, Trans Union notified AmeriCollect of Plaintiff's dispute. However, AmeriCollect failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

49.   Upon information and belief, as of the filing of this Complaint, Trans Union continues to report negative and inaccurate information on Plaintiff's credit report regarding the AmeriCollect, account number ending in x72, and AmeriCollect, account number ending in x90, and Plaintiff's damages are on-going.

50.   Trans Union has never attempted to contact Plaintiff about her disputes, and she continues to suffer as of the filing of the Complaint with Trans Union's refusal to conduct a meaningful and thorough investigation into her disputes as it is required to by law or otherwise make her credit file accurate.

51.   As a result of inaccurate credit reporting, Plaintiff's credit score was reduced.

52.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.   Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.   Loss of time attempting to cure the errors;

    iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors; and

    iv.   Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

53.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

54.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

55.    Equifax allowed for a Furnisher to report inaccurate information on an account.

56.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

57.    As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

58.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

59.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, GINA CHRISTINE LOMBARDO, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

60.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

61.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

62.    Equifax allowed for a Furnisher to report inaccurate information on an account.

63.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

64.    As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

13

65.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

66.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, GINA CHRISTINE LOMBARDO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT III
**Violation of 15 U.S.C. § 1681i as to
Defendant, Equifax Information Services LLC (Negligent)**

67.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

68.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

14

69.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate accounts, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, AmeriCollect.

70.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

71.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

72.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, GINA CHRISTINE LOMBARDO, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT IV**
**Violation of 15 U.S.C. § 1681i as to**

15

**Defendant, Equifax Information Services LLC (Willful)**

73.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

74.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

75.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate accounts, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, AmeriCollect.

76.    As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

77.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

78.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, GINA CHRISTINE LOMBARDO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Services, Inc. (Negligent)

79.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

80.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

81.   Experian allowed for a Furnisher to report inaccurate information on an account.

82.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

83.    As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

84.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

85.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, GINA CHRISTINE LOMBARDO, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT VI**
**Violation of 15 U.S.C. § 1681e(b) as to**

**Defendant, Experian Information Services, Inc. (Willful)**

86.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

87.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

88.     Experian allowed for a Furnisher to report inaccurate information on an account.

89.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

90.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

91.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

92.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, GINA CHRISTINE LOMBARDO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Services, Inc. (Negligent)

93.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

94.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

95.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate accounts, Experian refused to conduct any

20

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, AmeriCollect.

96.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

97.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

98.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, GINA CHRISTINE LOMBARDO, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Services, Inc. (Willful)

99.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

100.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

101.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate accounts, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, AmeriCollect.

102.    As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

103.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

104.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, GINA CHRISTINE LOMBARDO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

105.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

106.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

107.   Trans Union allowed for a Furnisher to report inaccurate information on an account.

108.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

109.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

110.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

111.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, GINA CHRISTINE LOMBARDO, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to

**Defendant, Trans Union LLC (Willful)**

112.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

113.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

114.   Trans Union allowed for a Furnisher to report inaccurate information on an account.

115.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

116.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

117.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

118.   Plaintiff is entitled to recover costs and attorney's fees Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, GINA CHRISTINE LOMBARDO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

119.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

120.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

121.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate accounts, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, AmeriCollect.

122.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

123.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

124.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, GINA CHRISTINE LOMBARDO, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

27

## COUNT XII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

125.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

126.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

127.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate accounts, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, AmeriCollect.

128.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

129. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

130. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, GINA CHRISTINE LOMBARDO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT XIII**
**Violation of 15 U.S.C § 1681s-2(b) as to**
**Defendant, AmeriCollect, Inc. (Negligent)**

131. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

132. AmeriCollect furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

133. Upon information and belief, after receiving Plaintiff's disputes, AmeriCollect violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4)

29

failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

134.    Plaintiff provided all the relevant information and documents necessary for AmeriCollect to determine that it was furnishing inaccurate information. AmeriCollect did not have a reasonable basis to believe that the accounts it furnished regarding Plaintiff were accurate.

135.    Instead, AmeriCollect knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether the accounts belonged to Plaintiff.

136.    AmeriCollect violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

137.    As a result of this conduct, action, and/or inaction of AmeriCollect, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

138.   The conduct, action, and/or inaction of AmeriCollect was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

139.   Plaintiff is entitled to recover costs and attorney's fees from AmeriCollect in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, GINA CHRISTINE LOMBARDO, respectfully requests that this Court award actual damages against Defendant, AMERICOLLECT, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XIV
### Violation of 15 U.S.C § 1681s-2(b) as to Defendant, AmeriCollect, Inc. (Willful)

140.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

141.   AmeriCollect furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

142.   Upon information and belief, after receiving Plaintiff's disputes, AmeriCollect violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant

31

information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

143.   Plaintiff provided all the relevant information and documents necessary for AmeriCollect to determine that it was furnishing inaccurate information. AmeriCollect- did not have a reasonable basis to believe that the accounts it furnished regarding Plaintiff were accurate.

144.   Instead, AmeriCollect knowingly chose to follow procedures which did not properly review, confirm, and/or verify whether the accounts belonged to Plaintiff.

145.   AmeriCollect violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

146.   As a result of this conduct, action, and/or inaction of AmeriCollect, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

147. The conduct, action, and/or inaction of AmeriCollect was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

148. Plaintiff is entitled to recover costs and attorney's fees from AmeriCollect in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, GINA CHRISTINE LOMBARDO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, AMERICOLLECT, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XV
### Violation of Florida Statute § 559.72(9)
### Defendant, AmeriCollect, Inc.

149. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-two (52) above as if fully stated herein.

150. AmeriCollect violated Florida Statute § 559.72(9) by attempting to collect debts it knew was inaccurate and not legitimate.

151. AmeriCollect had all the information it needed to determine that the debts were inaccurate and not legitimate, and yet repeatedly attempted to collect

payment from Plaintiff stating that she owed an illegitimate debt of $992 and an illegitimate date of $591.

152.  As a direct result of this conduct, action, and/or inaction of AmeriCollect, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

153.  Plaintiff is entitled to recover statutory, compensatory, actual, and punitive damages from AmeriCollect pursuant to the FCCPA.

154.  Plaintiff is entitled to recover reasonable attorney's fees and costs from AmeriCollect in the amount to be determined by the Court pursuant to the FCCPA.

WHEREFORE, Plaintiff, GINA CHRISTINE LOMBARDO, respectfully requests a finding of actual, statutory, compensatory, and punitive damages against Defendant, AMERICOLLECT, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, GINA CHRISTINE LOMBARDO, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and AMERICOLLECT, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 19th day of January 2024.

Respectfully Submitted,

**_/s/ Christopher Legg_**
Christopher W. Legg, Esq.
Florida Bar #: 0044460
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Office: 813-299-8537
Facsimile: 844-951-3933
Primary Email:
Chris@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

**_/s/ Frank H. Kerney, III, Esq._**
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC

412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorneys for Plaintiff*